**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IMAN MOMENI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCO RUBIO, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-738 (JEB)** |

**MEMORANDUM OPINION AND ORDER**

On August 14, 2026, this Court issued a Memorandum Opinion and separate Order granting the Government's motion to dismiss. See ECF Nos. 13 (Order), 14 (Mem. Op.). It held that Plaintiff Iman Momeni could not proceed on his suit alleging that the U.S. Consulate in Copenhagen has unreasonably delayed the processing of his request for a nonimmigrant visa. Momeni now moves for reconsideration under Federal Rule of Civil Procedure 59(e). As he has offered nothing to change the prior calculus, the Court will deny the Motion.

## I. Legal Standard

Rule 59(e) permits the filing of a motion to alter or amend a judgment when such motion is filed within 28 days after the judgment's entry. The court applies a "stringent" standard when evaluating Rule 59(e) motions. Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208 (quotation marks and citation omitted);

see also 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2810.1 at 158–62 (3d ed. 2016) (restating same basic grounds).

Rule 59(e), moreover, "is not a vehicle to present a new legal theory that was available prior to judgment," Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012), or "to relitigate old matters." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted). "The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." Mohammadi v. Islamic Republic of Iran, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), aff'd, 782 F.3d 9 (D.C. Cir. 2015) (quoting CFTC v. McGraw-Hill Cos., 403 F. Supp. 2d 34, 36 (D.D.C. 2005)).

## II. Analysis

In seeking reconsideration, Momeni notes that his "delay now exceeds thirty-one months." ECF No. 15 (Recon. Mot.) at 2. He believes that this warrants "reconsideration of the dismissal under the TRAC framework applied to the record that was before the Court." Id. In addition, he contends that his "Complaint contained allegations concerning the circumstances and course of the administrative proceeding beyond the bare passage of time." Id. at 6.

The Court is not unsympathetic to Momeni's plight, although his desire to "travel to the United States with his spouse to celebrate the Iranian New Year," Mem. Op. at 1, is less compelling than the wishes of other plaintiffs, who have sought to reunite with family or pursue various courses of study. See, e.g., Dib v. Shea, 2026 WL 1578859, at *1 (D.D.C. June 2, 2026) (seeking to marry American fiancée); Sawahreh v. United States, 630 F. Supp. 3d 155, 157 (D.D.C. 2022) (seeking to enroll in medical residency program). In any event, he has not

provided a basis to alter the prior outcome. He has still "not made any allegations that go to the reasons for the agency's delay or its capacity to move faster. Instead, the only relevant allegations in his Complaint are about how long he has waited." Mem. Op. at 7. While 31 months (if the time elapsed should be measured up to now, instead of up to the filing of the Complaint) is undoubtedly a lengthy period, it remains shy of what other courts have required. Id. at 7–8 (collecting cases). Indeed, he has provided no case in which a court has found a delay of 31 months or less to be unreasonable.

Finally, Momeni asks that if the Court denies his Rule 59(e) Motion, it grant him leave to amend his Complaint. See Recon. Mot. at 11–12. The Court, however, cannot reach the merits of this request because he never attached a copy of the proposed amended Complaint to his Motion as required by Local Civil Rule 7(i). "This is no mere technical requirement, as neither the Court nor Defendants could know the basis or prospective merit of any [amended] claim without actually seeing it articulated." Dun v. Transamerica Premier Life Ins. Co., 2020 WL 13610584, at *1 (D.D.C. Apr. 28, 2020). Without a proposed amended Complaint, there is little the Court can do.

**III. Conclusion**

For the foregoing reasons, the Court ORDERS that Plaintiff's [15] Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 22, 2026